O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LOREMS EMILIA GALO
CHAVEZ,

              Petitioner,

        v.

ACTING WARDEN OF THE
ADELANTO DETENTION
CENTER, et al.,

              Respondents.

Case No. 5:26-cv-02315-SP

**MEMORANDUM OPINION AND
ORDER GRANTING PETITION**

## I.

## INTRODUCTION

On May 4, 2026, petitioner Lorems Emilia Galo Chavez, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends her detention violates: (1) her right to substantive due process under the Fifth Amendment; (2) her right to procedural due process under the Fifth Amendment: (3) 8 U.S.C. § 1231(a) of the Immigration and Nationality Act ("INA") under *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (4) ICE's own regulations. Petitioner

1

requests immediate release from immigration custody, as well as declaratory and injunctive relief.

On May 11, 2026, respondents filed a Response supported by exhibits.  Docket no. 8.  Petitioner filed a reply on May 14, 2016.  Docket no. 9.

For the reasons discussed below, petitioner has shown her detention violates *Zadvydas*.  The court therefore grants the Petition and issues a writ of habeas corpus requiring petitioner's immediate release from immigration custody along with other relief.

## II.

## **BACKGROUND**

Petitioner is a 42-year old national and citizen of Honduras.  Pet. ¶¶ 14, 22[1]; P. Decl. ¶¶ 2-3.  Petitioner was apprehended at the border when she entered the United States on August 13, 2008, and order removed pursuant to 8 U.S.C. 1225(b)(1) on August 15, 2008.  Pet. ¶ 22 and at 27-28.  Petitioner was physically removed on August 26, 2008.  *Id*. ¶ 22 and at 27, 29.

In or about 2009, petitioner reentered the United States without inspection and has resided continuously in this country since then.  Pet. ¶ 23; P. Decl. ¶ 4.  Petitioner works as a flower vendor and has a child who has a pending special immigrant juvenile case.  *See* Pet. ¶ 24; P Decl. ¶¶ 7-8, 17.

On or about July 4, 2025, federal agents, without a warrant or identifying themselves, arrested petitioner while she was selling flowers at her stand.  Pet. ¶¶ 24-25; P. Decl. ¶ 8.  During the arrest, the agents slammed petitioner to the ground, causing her

---

[1]    The Petition is signed only by petitioner's counsel and it is not verified by petitioner.  Petitioner includes her declaration with the Petition.  Pet. at 24-26 (Declaration of Lorems Emilia Galo Chavez ("P. Decl.")).  To the extent the facts are in the Petition but not petitioner's declaration, the court presumes that the facts in the Petition are accurate: (1) for the purposes of Part II of this opinion and if not disputed by respondents; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could have been within counsel's personal knowledge.

to lose consciousness.  Pet. ¶ 24; P. Decl. ¶ 8.  Respondents did not provide petitioner medical treatment.  P. Decl. ¶ 8.  Respondents reinstated the 2008 order of removal the same day.  Pet. ¶ 26 and at 29.

Petitioner filed a Form I-589 application for withholding of removal and protection under the Convention Against Torture ("CAT") based on a reasonable fear of persecution or torture.  Pet. ¶ 27; *see* Response, Ex. 2.  The asylum officer found petitioner credible and referred the application to the immigration judge for consideration.  Pet. ¶ 27 and at 31, 36.  The immigration judge denied the application on October 6, 2025.  Pet. ¶ 28 and at 38-39; Response, Ex. 2.  Petitioner appealed the denial to the Board of Immigration Appeals ("BIA"), which is currently pending.  Pet. ¶ 28 and at 39; Response, Ex. 3

On March 24, 2026, petitioner received a bond hearing pursuant to *Rodriguez v. Holder*, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), *aff'd in part, rev'd in part sub nom. Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018).  Response at 3, Ex. 1.  The immigration judge denied petitioner bond on the ground that petitioner is a flight risk.  *Id.*, Ex. 1.

Petitioner has been detained since July 4, 2025.  Pet. ¶¶ 14, 30; *see* P. Decl. ¶¶ 8, 15.  Petitioner suffers from high blood pressure and anxiety but has not received medical treatment or medication while in detention.  P. Decl. ¶ 13.  To petitioner's knowledge, respondents have not obtained travel documents for her removal.  Pet. ¶ 33.

## III.

## <u>DISCUSSION</u>

Petitioner raises four claims for relief: (1) her detention violates her right to substantive due process under the Fifth Amendment; (2) her detention violates her right to procedural due process under the Fifth Amendment: (3) her indefinite detention violates the INA as interpreted by *Zadvydas*; and (4) respondents violated ICE's own regulations.  The court needs to consider only petitioner's third claim, which warrants relief.

### A.   This Court Has Jurisdiction Over the Claims in the Petition

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues she should be released from respondents' custody because her detention violates Due Process Clause of the Fifth Amendment, the INA, and respondent's own procedures. *See* Pet. ¶¶ 68-87. She has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because petitioner is challenging her detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B.      Petitioner Is Entitled to *Zadvydas* Relief**

Petitioner argues her indefinite detention violates 8 U.S.C. § 1231(a) under *Zadvydas* because she has been detained for over ten months and there is no significant likelihood of her removal in the foreseeable future.  Pet. ¶¶ 14, 30, 85-86; *see id.* ¶¶ 45-49, 62-67.  Respondents contend petitioner is detained under § 1226 rather than § 1231.  *See* Response at 4-5, 7,

In *Zadvydas*, the Supreme Court examined whether 8 U.S.C. § 1231(a)(6) authorizes the indefinite detention of noncitizens subject to a final order of removal beyond the initial 90-day removal period.  533 U.S. at 682.  The Court recognized that a statute that permitted the indefinite detention of a non-citizen "would raise serious constitutional concerns," and so held the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  *Id.* at 682, 689.  The Court found a sixth-month period of detention is presumptively reasonable.  *Id.* at 701; *see also Abramian v. Bondi*, 820 F. Supp. 3d 1050, 1057 (C.D. Cal. Jan. 16, 2026); *Zhao v. Kelly*, 2017 WL 1591818, at *2 (C.D. Cal. Apr. 27, 2017).  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to provide evidence to rebut that showing.  *Zadvydas*, 533 U.S. at 701.  Thus, if a noncitizen establishes there is no significant likelihood of removal in the foreseeable future and the government fails to rebut this showing, the noncitizen should be released on appropriate terms of supervision.  *Id.* at 699-700.

**1.      Petitioner Is Detained Under § 1231**

There is no dispute that petitioner has been detained for over 10 months since her 2008 removal order was reinstated.  Pet. ¶ 14 and at 29; Response at 3.  Nonetheless, respondents argue the removal order is not final because petitioner's appeal of the denial

of her Form I-589 application is pending.[2]  Response at 7.  Respondents contend the 90-day removal period has therefore not yet commenced.  *Id*.  Respondents are incorrect.

The removal period begins on the latest of: "(i) [t]he date the order of removal becomes administratively final[;] (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[; or] (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).  An order of removal becomes administratively final once the BIA has reviewed the order or the time for review has expired unless a stay is issued.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 534-35 (2021); *see* 8 C.F.R. § 1003.38(b) (an appeal shall be filed within 30 days of the immigration judge's decision).

A noncitizen subject to an order of removal may pursue "withholding-only relief to prevent [the Department of Homeland Security] from executing [her] removal to the particular country designated in [her] reinstated removal order."  *Guzman Chavez*, 594 U.S. at 530.  There are two paths by which a noncitizen may seek withholding of removal: (1) under § 1231(b)(3)A), which provides for withholding of removal if the noncitizen's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion" (8 U.S.C. § 1231(b)(3)(A)); and (2) under CAT.  *Id.* at 530-31.  A noncitizen subject to a reinstated order of removal initiates this process by expressing a fear of persecution or torture if returned to the country of removal.  8 C.F.R. § 208.31(b).  An asylum officer will then conduct an interview and make a determination as to whether the noncitizen has

---

[2]    Respondents mischaracterize petitioner's Form I-589 application as an asylum application.  Response at 3, 7.  Although the first page of the immigration judge's decision denying the withholding-only application states "APPLICATIONS: Asylum; Withholding of Removal; Convention Against Torture," the decision itself clearly reflects the applications were for the withholding of removal and protection under CAT.  *See* Response, Ex. 2; *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 419-20 (1999) (distinguishing a grant of asylum from the withholding or removal).

a reasonable fear of persecution or torture.  8 C.F.R. § 208.31(c).  If the asylum officer determines the noncitizen has a reasonable fear, he will refer the matter to an immigration judge to conduct a withholding-only proceeding.  8 C.F.R. §§ 208.31(e), 1208.31(e). These proceedings are "limited to a determination of whether the alien is eligible for withholding or deferral of removal."  8 C.F.R. §§ 208.2(c)(3)(i), 1208.2(c)(3)(i).

Thus, removal orders and withholding-only proceedings are distinct "and the finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings." *Guzman Chavez*, 594 U.S. at 539.  Withholding-only proceedings do not reopen or review a prior removal order.  *Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017).  Even if an application for withholding of removal is granted, it simply prohibits the removal of the noncitizen to that particular country, not from the United States.  *Guzman Chavez*, 594 U.S. at 536.  "Because the validity of removal orders is not affected by the grant of withholding-only relief, an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal."  *Id*. at 540; *Riley v. Bondi*, 606 U.S. 259, 269 (2025) ("An order denying relief under the CAT is not a final order of removal and does not affect the validity of a previously issued order of removal or render that order non-final."); *Padilla-Ramirez*, 882 F.3d at 832 (finding the reinstated removal order remained administratively final while withholding-only proceedings were ongoing).

Here, it is undisputed that petitioner was ordered removed on August 15, 2008 and the removal order was reinstated on July 4, 2025.  Pet. at 28-29.  The reinstated removal order is administratively final.  *Guzman Chavez*, 594 U.S. at 534 (reinstated removal orders "are not subject to reopening or review").  Petitioner's pending appeal of the withholding-only proceeding does not affect the finality of the reinstated order for detention purposes.  *Padilla*, 882 F.3d at 836.  Therefore, § 1231 governs petitioner's detention.

## 2. Petitioner Met Her Burden Under *Zadvydas*

Here, *Zadvydas* dictates petitioner should be released.  First, as discussed above, the removal period began on July 4, 2025 and petitioner has been detained over 10 months.  *See* Pet. ¶ 14 and at 28-29.  The six-month period of presumptively reasonable detention has therefore expired.

Second, petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  Petitioner has a pending withholding-only proceeding, which prohibits respondents from removing petitioner to Honduras during its pendency.  Petitioner also alleges that to her knowledge, the government has not obtained travel documents for removal to a third country.  Pet. ¶ 33; *see Betancourt v. Mullin*, 2026 WL 1400627, at *2 (S.D. Cal. May 19, 2026) (petitioner's assertion that respondents had yet to provide documentation for removal to a third country met his initial burden of showing he will not be removed in the reasonably foreseeable future).  Respondents do not dispute this assertion and have offered no evidence to rebut petitioner's showing.  *See Castillo v. Chestnut*, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (respondents unexplained and unsupported declaration that they expected Mexico will accept petitioner was insufficient to rebut petitioner's showing); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.").

## 3. Respondents' Arguments Regarding Petitioner's *Rodriguez* Hearing and Exhaustion Are Inapplicable

Not only do respondents fail to rebut petitioner's showing that there is no significant likelihood of her removal in the reasonably foreseeable future, but respondents also do not directly address petitioner's indefinite detention claim.  Instead, respondents argue the Petition should be denied because petitioner received an adequate *Rodriguez* hearing, this court lacks jurisdiction to overturn a bond decision, and petitioner failed to

8

exhaust her administrative remedies as to the bond decision.  *See* Response at 3-7. Respondents' argument are inapplicable because petitioner does not raise a claim challenging the adequacy of the bond determination in the Petition.  Petitioner is not asking this court to overturn the IJ's *Rodriguez* hearing decision, and thus neither this court's jurisdiction to review that decision nor petitioner's need to exhaust her remedies as to that decision is at issue.  As discussed above, petitioner is detained under § 1231 and the fact that she received a *Rodriguez* hearing is irrelevant to whether her continued detention is permitted under *Zadvydas*.

Accordingly, based on petitioner's showing and respondents' lack of showing to the contrary, habeas relief is warranted.

**C.    Petitioner's Remaining Claims**

Petitioner also argues that her detention violates her right to substantive and procedural due process under the Fifth Amendment and respondents failed to follow their own regulations.   Pet. ¶¶ 68-84, 87-88.  Because the court has already concluded that petitioner is entitled to release on her indefinite detention claim, it need not address petitioner's remaining claims.  Petitioner may raise these claims again if she is subject to any future detention.

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner Lorems Emilia Galo Chavez (A# 089-099-066) from immigration custody, subject to appropriate conditions of supervision; (3) respondents shall return any confiscated property and documents to petitioner upon her release; (4) respondents are enjoined and restrained from re-detaining petitioner unless petitioner has violated a term of her release, or because her deportation is imminent and they have obtained the necessary documents for her removal, and have followed all procedures set forth in 8 C.F.R. § 241.13 and any other applicable statutory

9

and regulatory procedures; and (5) respondents shall file a status report no later than **June 4, 2026** confirming that petitioner has been released from respondents' custody.

Dated: June 1, 2026

SHERI PYM
United States Magistrate Judge

10